(No. 5036

LESTER WOODRUM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1965.*

EUGENE L. DAVISON, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Lester Woodrum, seeks recovery herein for damages sustained in the years of 1960 and 1961, as a result of loss of pasture and forage, and resultant expenditures for hay and feed, as well as for losses incurred in the sale of his cattle and sheep. From the transcript of evidence, it appears that in March of 1960 claimant leased for farming and residential purposes by written lease a farm in McLean County, which consisted of 100 acres, which lease by its terms expired on March 1, 1961. It further provided for a rental charge of $1,200.00 in cash, which sum was paid by claimant to the lessor, one Asa Arthington. Claimant was in possession of the premises during the term of the lease, except as his possessive rights were interfered with by respondent.

Sometime in June of 1960 the lessor, Asa Arthington, sold the premises involved herein to the Department of Con-

servation of the State of Illinois, but nothing in the deed of conveyance indicated the rights of claimant.

It appears from the record that the lessee intended to winter livestock, consisting of 11 head of cattle and 23 head of sheep, on the corn forage, grass waterways and pasture land on the farm.

On December 12, 1960, without regard to claimant's rights under his unexpired written lease, and disregarding claimant's protests, the contractor for the Department of Conservation entered on the premises with a bulldozer, and pushed down the fences enclosing the corn forage, grass waterways and pasture. Claimant was forced to put the live-stock in a lot to keep them from roaming around at will. He was not otherwise disturbed in the possession of the farm, and continued to occupy and use the house and barn. His principal means of livelihood was employment as a heavy equipment operator, and he lived with his wife and two children on the farm.

As stated in American Jurisprudence: "From every direct invasion of the person or property of another the law infers some damage without proof of actual injury; hence in an action of trespass, the plaintiff is always entitled to at least nominal damages. . . ." 52 *Am. Jur.* 872, Sec. 47— Trespass.

While the evidence in this case leaves much to be desired, there is not a total failure of proof so far as damages are concerned. An award is, therefore, made for feed and hay purchased in the amount of $530.00, and for the loss on the sale of the livestock in the amount of $437.50.

The claim of Lester Woodrum is, therefore, allowed in the sum of $967.50.